U.S. District Court Judge Andrew S. Hanen

c/o Clerk of the Court

P.O. Box 61010                                        Via - UPS

Houston, TX. 77208.                           April 30, 2020.

RE: Henri D. Morris 72029-279

Case No. 4:12-cr-255

Case No. 4:17-cv-02153

FILED
MAY 19 2020
David J. Bradley, Clerk of Court

Your Honor:

   The following is in reference to your letter dated 16th April, 2020, denying my Request for Compassionate Release (Doc. Nos. 248 & 250). I respectfully ask that you understand that because we are currently on lock-down in our prison due to the Corona virus pandemic, I have no access to a printer and am therefore unable to print and sign this document. Accordingly, since my wife has my power-of-attorney, I am sending this to her and have asked her to sign it on my behalf and to then deliver it to the Clerk of the Court. I respectfully ask that you please accept this document as having been signed by me.

   With regard to your letter as above, I am unaware of any other Bureau of Prisons administrative remedies that I should still pursue as stated in your letter, however I am trying to ascertain exactly what other remedies are available to me in order to attempt to have my Compassionate Release approved. I have asked the authorities here for advice, however none of the officers or case-personnel have been able to assist or enlighten me as to what I should still do in this regard.

   I am however fearful that regardless of whatever further remedies I find that I can still pursue with the Bureau of Prisons (BOP), the BOP's attitude - as evidenced by the letter sent out to all inmates today, April 24, by our Warden. F. J. Garrido via our electronic bulletin board, my appeal will be automatically rejected. This is because the Warden, as per the rest of the BOP, appears to lump all 'Sex-Offenders' together in the same category as Violent Criminals and Terrorism-Related inmates - regardless of the type or severity of the 'sex-crime'. For example, in his letter today regarding the early release of inmates due to the Corona pandemic, the Warden has specifically excluded the early release of all sex-offenders - again, regardless of the type or severity of their crime. This exclusion even applies to elderly, at-risk inmates like myself, even though I will be 73 years of age next month, and suffer from Asthma (which is a possible death-sentence for inmates such as myself who cannot distance themselves by the required 6 feet from other inmates during the pandemic). This means that regardless of whatever

1

appeal I make to the BOP for my case to be reviewed, and whatever details I provide, as a 'sex-offender', nothing will be sufficient for the BOP to authorize my Compassionate Release.

Separately, and as mentioned in my previous documented requests to Your Honor for Compassionate Release, during the period of my incarceration, my wife lost the remaining members of her family - her beloved Mother and two brothers - all to cancer. Also during my incarceration, again as documented by me, she has had to have treatment in a Houston clinic for various skin cancers - some of which required extensive and multiple excisions from her head. Now, yesterday, April 23, I was informed that my wife has now been prescribed a type of chemo-therapy drug/cream that she has to take/use, in an attempt to delay any further cancer-growth, until the clinic re-opens. This is obviously a horrendous mental situation for her and also for me.

Your Honor, I also state under oath, that I have never, ever transported or trafficked anyone anywhere, for the purpose of sex or sexual acts. Despite what my plea-agreement states, as can be verified by contacting Continental (now United) Airlines, I flew well over a Million miles with Continental during my business career and was given a Million-Miler award from them. These miles were ALWAYS and ONLY for the purpose of going on holiday with my wife (personal travel), or for making new sales to prospects outside of Houston, or to support our existing clients with accounting and/or internal-control issues, or to attend sales-expo's where we exhibited and demonstrated our software to prospective clients. Again as can be verified by the only airlines with which I flew - Continental, Delta and Southwest, other than my personal flights with my wife, I flew regularly with my employees - both male and female, and yet NEVER was there ever a scintilla of a complaint made against me, because nothing of a non-business nature for my software company, was ever involved. In fact, as stated in my earlier documentation, the only reason that a 'complaint' was made against me to the FEDs, was because I refused to be blackmailed by some recently-hired females. They even went so far as to get two females to testify against me, despite the fact that it can be proved that neither of them EVER travelled with me. In addition, one of the females who instigated the false case against me, was specifically told in writing by me (as per evidence in our possession), that she could not travel with me because there was no reason for her to be with me. Despite that fact, she lied her way into travelling with me by stating that she had a prospect to see (which we later proved she did not have), and she did this so that she could show the FEDs a pair of her pants - supposedly with my semen on them - only to have the FEDs determine that it was in fact, her husband's semen. She even went as far as to be tested for any evidence of rape or sexual activity after her trip with me, and the results were negative. Nothing of the sort was found because nothing of the kind ever occurred.

Your Honor, as a soon-to-be 73 year old man - someone who has documented the circumstances of his imprisonment and as someone who is not now, and who has never ever been, a threat of any kind to society, I again respectfully ask the Court to review my application for Compassionate Release and to allow me to be with my beloved wife at this terrible time of our and of our country's lives. I truly believe that when creating the new Compassionate Release law, the Government had the type of circumstances in which I now find myself, in mind, as does the US Attorney General, who "ordered the release of all non-violent inmates who pose no public-safety risk, inmates with 'at-risk' health conditions and those who can be sent to home confinement." I believe that the law and the Attorney General's order is intended it for elderly persons (my wife and I are both currently 72 years of age), persons who have a spouse needing medical and other assistance (such as my wife who has symptoms of cancer as well as

the other documented medical issues), persons who have never performed any type of violent crime, and persons who have served a substantial portion of their sentence.

In my Compassionate Release applications to the Court, I cited a case where an inmate's complete home-confinement period prior to his incarceration, was considered to be a part of his prison sentence. Next week, I will have spent six (6) years in prison, and prior to my incarceration, I spent over two (2) years under home confinement with an ankle monitor - a total therefore of over eight (8) years under confinement.  Accordingly, should Your Honor agree that the precedent of the case applies to me, it means that with my 'good-behavior' added, I would have been released earlier this year.  Even without that precedent, with my two-thirds (2/3) Elderly Credit plus 'good-time', I would have been able to go home on or around March 4th of this year.

I therefore again, respectfully ask that the Court review all of the above, together with my prior application documents, and allow me to join my wife at our home in Houston at this time.

Respectfully submitted:

*Ruth H. Morris*

Henri D. Morris

per Ruth H. Morris